JOE PROCTOR *et al.* v. STATE.

No. A-2474. Opinion Filed April 26, 1919.

(180 Pac. 251.)

INTOXICATING LIQUORS—Violation of Prohibitory Liquor Law—
Sufficiency of Evidence. Evidence examined, and held sufficient
to sustain the judgment of conviction against each of plaintiffs in
error.

*Appeal from County Court, Oklahoma County;*
*William H. Zwick, Judge.*

Joe Proctor, R. A. Waller, and Will Steamboat were jointly tried and convicted of a violation of the prohibitory liquor laws, and they appeal. Affirmed.

*Ledru Guthrie,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. There is but one assignment of error. Plaintiffs in error rest their entire ground for reversal upon the proposition that the evidence is insufficient to sustain the conviction.

They were jointly charged with having the unlawful possession of intoxicating liquor in Oklahoma county, on or about the 17th day of January, 1915, with intent to sell the same. Upon a joint trial, each of the defendants was found guilty. The defendant Joe Proctor was sentenced to serve a term of six months' imprisonment in the county jail and to pay a fine of $500, each of the other defendants being sentenced to three months' imprisonment and to pay a fine of $250.

The evidence in this case is sufficient to authorize the jury to convict each of the defendants upon the theory

that the defendant Joe Proctor was the proprietor of a drug store at 205 North Broadway, Oklahoma City, Okla., which he was conducting as a "booze joint," and in which drug store and "the plant" connected therewith a large quantity of whisky and other liquors were found; the defendant R. A. Waller acting as a clerk and dispenser of the liquors over a soda fountain in said drug store, and the defendant Will Steamboat acting as a negro porter in said drug store. On the day of the raid, the officers found Waller in the act of shaking up a mixed drink of whisky. He was behind the soda water counter, and, when approached, dumped the contents of the shaker in the sink. Bill Steamboat was also behind the counter, and, when the officers approached, rushed to the rear end of the store and behind the prescription case. The officers heard a noise like broken glass, and rushed behind the prescription case, only to find the defendant Will Steamboat there and a broken bottle on the floor, the liquid contents of which smelled like whisky; also behind the prescription case were found about 100 empty whisky bottles with the labels on them. In a plant upstairs, a beaten path to which, through the dust on the floor, led from the drug store, were found about 4 dozen quart bottles of whisky, some wine, and gin. The brands on these bottles of whisky tallied with that on the empty bottles found behind the prescription case in the drug store.

Immediately after the officers entered the building, the defendant Proctor went upstairs, and in a short time returned to the drug store. At the request of one of the officers, Proctor opened the iron safe belonging to the drug store, which was worked by a combination lock.

It is clear from the evidence on the part of the state, standing uncontroverted and uncontradicted, that this

alleged drug store at 25 North Broadway, at the time of the raid testified to in this case, was nothing but a "booze joint," operated by the defendant Proctor, in which whisky and other liquors were possessed by him at the time, and in which the defendants Waller and Will Steamboat aided and abetted him in such possession for the purpose of selling same in violation of the laws of this state.

The evidence is clearly sufficient to sustain the separate convictions of each of these defendants, and the judgments as to each are affirmed.

Mandate forthwith.